# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

RICKY BRELAND, )
  )
    Plaintiff, )
  )
v. ) Case No. CV409-186
  )
COMMISSIONER BRIAN OWENS, )
WARDEN THOMAS AMMONS, )
DEPUTY WARDEN BURNETTE, )
UNIT MANAGER MR. WILCOX, )
  )
    Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff Ricky Breland has filed a 42 U.S.C. § 1983 complaint along with a motion to proceed in forma pauperis ("IFP"). (Docs. 1 & 2.) Plaintiff is barred from proceeding IFP under 28 U.S.C. § 1915(g)'s "three strikes" provision, so his complaint should be **DISMISSED** without prejudice.

Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid prepayment of the filing fee if they proceed IFP under 28 U.S.C. § 1915. In order to proceed IFP, however, prisoners must satisfy § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The Eleventh Circuit has held that a prisoner barred from proceeding IFP due to the "three strikes" provision in § 1915(g) must pay the complete $350 filing fee when he initiates suit. *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). Therefore, the proper procedure for a district court faced with a prisoner who seeks IFP status but is barred by the "three strikes" provision is to dismiss the complaint without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Plaintiff is a frequent filer in federal court who has clearly exceeded the "three strikes" permitted by § 1915(g). *Breland v. Reeds*, No. CV709-66 (M.D. Ga. July 15, 2009) (§ 1983 suit dismissed as frivolous); *Breland v. Evercom Sys., Inc.*, No. CV709-60 (M.D. Ga. May 28, 2009) (same); *Breland v. Miller*, No. CV708-91 (M.D. Ga. Sept. 12, 2008) (§ 1983 action dismissed for failure to obey court order); *Breland v. Camon*, No. CV708-84 (M.D. Ga.

Sept. 3, 2008) (same).[1] Clearly recognizing this bar, plaintiff has attempted to frame this new action, his first to be filed in this District, as an "amended complaint." (Doc. 1 at 1.) But Breland's only pending federal case is before the Middle District of Georgia and addresses different defendants and different facts. *Breland v. Cox*, No. CV709-59 (M.D. Ga. filed May 13, 2009). Indeed, he admits as much in his current complaint. (Doc. 1 at 2.) In that separate, unrelated, and still pending action, Breland sued several jail officials and nurses under § 1983 regarding alleged failures in medical treatment, unwarranted punishment, and mail tampering at the Colquitt County Jail, which is in the Middle District of Georgia. *Breland*, No. CV709-59, doc. 6 (amended complaint). Here, on the other hand, he complains of a lack of security at Coastal State Prison, which is located in this District. (Doc. 1.) Not only is it improper for Breland to file an "amendment" here to a case pending in a different district, but Breland

---

[1] In *Rivera v. Allin*, the Eleventh Circuit found that a dismissal of a lawsuit for an abuse of the judicial process properly counts as a "strike." 144 F.3d at 731 ("[D]ismissal for [such an] abuse of the judicial process is precisely the type of strike that Congress envisioned when drafting section 1915(g)."). Failure to obey an order of the court, much like a failure to prosecute an action in violation of a court's local rules, is precisely the type of abuse the "three strikes" bar was created to remedy. *See Allen v. Clark*, 266 F. App'x 815, 817 (11th Cir. 2008) ("A dismissal for failure to prosecute [in violation of the Court's local rules] made in the light of a frivolous response to a show cause order is a strike for purposes of section 1915(g).").

3

cannot circumvent the "three strikes" bar in such a manner. *Cf. Schipull v. Dretke*, 2006 WL 2844192, at *1 (S.D. Tex. Sept. 29, 2006) (PLRA's three-strike bar cannot be circumvented by filing multiple unrelated claims in one complaint). Accordingly, without a showing of "imminent danger of serious physical injury," plaintiff's complaint should be dismissed without prejudice.

In order to fit within the "imminent danger" exception, Breland must make "specific allegations of present imminent danger that may result in serious physical harm." *Skillern v. Jackson*, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts will not suffice. *Margiotti v. Nichols*, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). Nor can "a prisoner . . . create the imminent danger so as to escape the three strikes provision of the PLRA.'" *Ball v. Allen*, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing *Muhammad v. McDonough*, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Plaintiff requests monetary compensation, *inter alia*, based upon his belief that Coastal State Prison is overcrowded and lacks adequate prisoner security. (Doc. 1 at 4-9.) He claims that his "watch and clothes w[ere]

4

stolen" because of lapses in institutional safety, which he believes states an "8th (Eight) Constitutional Right Violation of Cruel and Unusual punishment." (*Id.* at 4.) He fears that the prison guards' lack of training gives prisoners "free access to do as they choose[]" such as "kill, steal, and destroy." (*Id.* at 5.) Additionally, he alleges that he was "verbally threaten[ed] by Unit Facility Manager Mr. Wilcox for speak[ing] to" an inspector sent by the Commissioner's Office. (*Id.*) Such generalized claims of *possible* physical harm cannot survive the § 1915(g) bar, however. Nowhere does he allege that he is presently under imminent danger of physical harm.

Accordingly, Ricky Breland's request to proceed IFP should be denied and his complaint should be **DISMISSED** without prejudice. If he wishes to proceed with the claims raised in this suit, he must file a new complaint accompanied by the full $350.00 filing fee.

**SO REPORTED AND RECOMMENDED** this 23rd day of December, 2009.

/s/ *signature*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA

5